# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2014

Lyle W. Cayce
Clerk

No. 13-20346
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CATALINO NIETO-NANEZ, also known as Bartolo Reynoso, also known as Bartoloo Reynosa, also known as Catalino Nieto, also known as Bartolo Remoso, also known as Bartoloo Remosa, also known as Catalino Y. Nieto, also known as Catalino Nieto Nanez, also known as Catalino Yanez Nieto,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-778-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:*

Catalino Nieto-Nanez pleaded guilty to one count of illegal reentry following removal subsequent to a conviction of a felony, in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced him to 26 months' imprisonment. In reaching this sentence, the court departed upwardly from

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the applicable advisory Guidelines-sentencing range by one criminal history level, after determining Nieto's criminal-history category was under-represented in the light of his numerous entries, reentries, and deportations that did not result in criminal convictions.

Nieto contends the court erred in both departing upwardly pursuant to U.S.S.G. § 4A1.3 (policy statement on departures based on inadequacy of criminal history category) and failing to provide its reasons for the departure. He asserts the immigration records relied upon by the probation officer in creating the Presentence Investigation Report (PSR) were likely unreliable because they reflected Nieto had entered the United States on the date of his birth and because specific dates of entry were not given for some of the alleged entries. Nieto contends that, under § 4A1.3(a)(2)(E) (prior similar adult criminal conduct not resulting in criminal conviction), the district court could not consider illegal entries made before he reached 18 years old because those entries did not constitute *adult* criminal conduct. Additionally, Nieto contends the court could not consider five reentries as "other adult criminal conduct" because the probation officer did not specifically refer to the reentries occurring after his first deportation as "illegal".

In district court, however, Nieto did not challenge the court's decision to depart upwardly; therefore, our review is for plain error only. *See, e.g., United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003). Under that standard, Nieto must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he shows such reversible plain error, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

According to the PSR, Nieto illegally entered the United States at least seven times as an adult, and he was deported seven times between 2005 and 2011. The district court was entitled to rely on the information in the PSR because Nieto had the burden to rebut the PSR but failed to do so. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013) ("The defendant bears the burden of showing that the information in the PSR relied on by the district court is materially untrue.") (citation and internal quotation marks omitted). Nieto has not shown either that the court's consideration of his prior entries and reentries or that its explanation for why it imposed the departure constituted clear or obvious error.

AFFIRMED.